**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOEL HOENNINGER, et al.** | § | |
| | § | |
| **V.** | § | **A-14-CV-00798-LY** |
| | § | |
| **LEASING ENTERPRISES, LTD., d/b/a PERRY'S RESTAURANTS, LTD.** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Leasing Enterprises, Ltd.'s Partial Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed.R.Civ.P. 12(B)(6), Dkt. No. 4, Plaintiffs' Response, Dkt. No. 7, and Defendant's Reply, Dkt. No. 9. A hearing on the Motion was held on May 7, 2015. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

The Plaintiffs in this case allege that payment policies for tipped employees of Defendant Leasing Enterprises, Ltd. ("Perry's") violated the Fair Labor Standards Act. The claims are essentially identical to those brought in another suit, the collective action *Steele et al v. Perry's Restaurant, LLC*, No. 4:09-CV-2789 in the Southern District of Texas ("the Houston Suit"). That case was filed on August 28, 2009. It was tried to the court on May 1 and 2, 2013. Preliminary Findings of Fact and Conclusions of Law were entered on August 19, 2014, and judgment was entered on February 24, 2015. After the Houston trial, but before judgment was entered, on August

20, 2014, Plaintiffs filed this suit, complaining of the same behavior as raised in the Houston Suit. By its motion, Perry's urges the Court to dismiss four of the named Plaintiffs from the present suit, on the grounds that they participated in the Houston Suit and are therefore barred from advancing the same claims in this action.[1]

## II. STANDARD OF REVIEW

Perry's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows for dismissal "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombl*y, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

---

[1]One of the four, Christopher Ray, has conceded he was terminated from Perry's before May 1, 2013. Plaintiffs agree that absent any evidence that he began working at Perry's again, his claims should be dismissed without prejudice. As to Ray, Perry's motion to dismiss should therefore be granted, with the remaining three impacted plaintiffs being Joel Hoenninger, Hayden Hyde, and Chris Memmer.

## III. ANALYSIS

Perry's argues that some of the named plaintiffs in this action were also plaintiffs in the Houston Suit, where they alleged essentially the same violations as those alleged here, fully litigated the claims and issues, and received relief when the Final Judgment was entered on February 24, 2015.[2] Perry's contends that each is therefore precluded from bringing a second claim on the same facts and issues, at least to the extent the claim arose on or before the date of final judgment, February 24, 2015. Perry's argues in the alternative that because the Plaintiffs declined to offer evidence of violations after the May 2013 trial, they waived their right to seek recovery for violations between the trial date and February 25, 2015, when final judgment was entered. Plaintiffs respond that they are only seeking relief for violations of the FLSA after May 1, 2013, the date through which damages were calculated and awarded in the final judgment in the Houston Suit. Plaintiffs do not deny that they did not present evidence in the Houston Suit of violations after the trial. For precisely this reason, they contend that claims after the trial date have not yet been adjudicated and are therefore not precluded.

### A. Claim and Issue Preclusion

Perry's motion relies on both issue and claim preclusion. The doctrine of collateral estoppel "precludes relitigation of those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action." *Moch v. E. Baton Rouge Parish Sch. Bd.,* 548 F.2d 594, 596 (5th Cir. 1977). At the same time, the doctrine of *res judicata* bars the relitigation of claims that either have been or should have been raised in an earlier suit. *Test Masters Educ.*

---

[2]The Court has taken judicial notice of the filings in the Houston Suit. While review of a complaint under Rule 12(b) is confined to the complaint itself, the Court may take judicial notice of documents filed in another court to establish the fact of such litigation and related findings. *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829 (5th Cir. 1998).

*Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). A prior judgment's preclusive effect extends to all claims arising out of any part of a transaction between two parties, or a series of connected transactions, out of which the original action arose. *Id*. Perry's argues that the claims of the plaintiffs who participated in the Houston Suit are barred up through and including the date of the final judgment, regardless of the fact that trial only covered the period through May 1, 2013, arguing both that the claims were actually litigated in Houston, or that the plaintiffs should have raised them there.

Perry's support for its argument is thin, despite the fact that the Court gave it the opportunity to supplement its briefing on this point. It cites to two cases. First, it contends that *Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872 (2nd Cir. 1988) supports its contention. That case is not on point, nor close to being so. In that court's own words,

> Appellants' sole contention with respect to the lost wage calculation is that it was error to award lost wages for the "inequitably long time" between the date of discharge and the entry of judgment and that a six-month cutoff would have been appropriate in light of the employees' poor work records. *See Hayes v. Mcintosh*, 604 F.Supp. 10, 21 (N.D.Ind.1984). We reject this contention and hold that the trial judge did not exceed his broad equitable powers by awarding lost wages until the time of judgment.

*Id.* at 880. Plainly, the court there was determining the length of time to award post-termination damages, and was not resolving any question of claim preclusion. The other case Perry's relies on is *Ferguson v. Lander Co., Inc.,* 2008 U.S. Dist. LEXIS 26738 (N.D. N.Y. 2008). As with *Brock*, the case is not on point. Perry's states that *Ferguson* "opined that a consideration of damages under [Title 29] necessarily requires calculation up to the date of judgment." Dkt. No. 19 at 3. In fact, the case held only that:

> [a] plaintiff who has proven a discharge in violation of the ADEA is, as a general matter, entitled to backpay from the date of discharge until the date of judgment. The

> determination of how much to award a prevailing plaintiff in back pay is committed to the sound discretion of the factfinder, based upon the evidence presented at trial.

*Ferguson*, at 18 (internal punctuation and citations omitted). In other words, the damages awarded to a terminated employee may, or may not, be calculated up through the date of judgment. More to the point, the case does not involve any issue of preclusion, but rather, like *Brock*, addresses only the length of time for which a judge should award back pay to a wrongfully discharged employee. That is simply not the issue here.

The issue here is whether a party who tries a case to the court, and presents evidence of damages only through the trial date, is precluded by *res judicata* from recovering damages the party suffers after trial for the same sort of conduct litigated at trial.[3] Perry's fails to cite a single case presenting that question, much less one that answers it in the affirmative. The case that comes closest to answering this question (at least that the Court has been able to locate) is the one discussed at the hearing, *Debraska v. City of Milwaukee*, 189 F. 3d 650, 654 (7th Cir. 1999). In that case, brought under the FLSA, the court was faced with a claim preclusion question, and in discussing it stated:

> Dealing with tax years instead of work weeks, the [Supreme] Court wrote that "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the *same tax year*. But if the later proceeding is concerned with a similar . . . claim relating to a *different* tax year," it is open to adjudication without regard to the doctrine of merger and bar. A new pay period is to a wage earner what a new year is to a taxpayer. Disputes about compensation for pay periods after the settlement must be resolved on the merits, even though disputes about earlier claims are closed.

---

[3]The issue here is of some significance because almost two years passed between trial and the final judgment.

*Id.* at 654 (emphasis in original) (internal citations omitted) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948)). Analogously, the paychecks that the plaintiffs received after trial created new FLSA claims that were not presented in the Houston Suit, and those claims are therefore not precluded by the judgment in that case.

**B. Waiver**

In the alternative, Perry's argues that Plaintiffs waived the right to seek recovery of damages from the date of trial through the date of final judgment. They note that in the Final Judgment, the court gave a short explanation of the events of a hearing on damages. The court stated that "on October 8, 2014, [the court] considered the damages for the collective participants" and admitted two charts detailing each Plaintiff's damages, which it incorporated into the Final Judgment. The Houston Suit, Dkt. No. 371 at 1. Each of these charts cut off damages at May 1, 2013–the first day of the trial. Houston Suit, Dkt. Nos. 371-1, 371-2. The court then noted that "Plaintiffs indicated that they had no objection to the information as stated in the charts, and that plaintiffs had decided not to submit evidence to the court about post-trial actions by Perry's." *Id.* The court awarded damages based on the charts, and dismissed "all other claims of the plaintiffs" with prejudice. *Id.* at 6. The record in the Houston suit supports Plaintiffs' response. There is no indication that the judgment was intended to cover any claims other than those actually litigated at the May 1 and 2, 2013 bench trial. The Amended Findings of Fact and Conclusions of Law, filed the day before the Final Judgment, make no mention of any release of claims. While the court did note that Plaintiffs declined to present any evidence about post-trial actions, the court did so only to confirm the time period that the damage charts submitted to it addressed.[4]

---

[4]Indeed, other than identifying the damage period, the only other place where the court discusses evidence of Perry's post-trial actions related to its finding on the question of Perry's

**C.     Conclusion**

To hold that Perry's interpretation of the law is correct would render an absurd result. If plaintiffs are precluded from bringing claims arising out of violations of the FLSA after trial but before a final judgment is entered, defendants would have a free pass to commit additional violations up to the date of a final judgment. To avoid this from happening, a plaintiff would have to constantly seek to reopen the evidence, resulting in a never-ending cycle of post trial submissions, followed by time for a court to consider the submissions, followed by post-post-trial submissions, *ad infinitum*. That simply is not the law, nor would it be an efficient way to resolve cases.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Leasing Enterprises, Ltd.'s Partial Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART.** Plaintiff Christopher Ray's claims should be **DISMISSED WITHOUT PREJUDICE**. All other relief should be **DENIED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

---

willfulness, when he states: "[The plaintiff] last says that the restaurant continued to charge its employees 3.25% after this court ruled [in the August 19, 2014 Preliminary Findings of Fact and Conclusions of Law] that it was illegal. Because the judgment was interlocutory and the opinion is about an unsettled area of the law, it does not show willfulness." Houston Suit, Dkt. No. 370 at 4.

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of May, 2015.

________________________________
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE