IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOEL HOENNINGER, *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-CV-798-LY |
| | § | |
| LEASING ENTERPRISES, LTD. D/B/A | § | |
| PERRY'S RESTAURANT, LLC | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFFS' MOTION AND APPLICATION FOR ATTORNEY'S FEES

## **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................6

II.  FACTUAL BACKGROUND AND HISTORY OF THE CASE....................................6

III. LAW AND ARGUMENT .......................................................................11

    **A.**  Fees are Mandatory...................................................................11

    **B.**  Calculating Attorney's Fees in the Fifth Circuit and Western District.................11

IV.  STEELE LAW GROUP, PLLC AND STURM LAW PLLC'S HOURS AND
    RATES   ARE REASONABLE AND SHOULD BE ACCEPTED............................13

    **A.** Fees are Mandatory........................................................................13

    **B.** Reasonable Hours Expended ...........................................................14

    **C.** Additional Factors Employed to Determine "Lonestar" Value ...............16

    **D.** Johnson Factors Applicable Here .....................................................16

        1.   Time and Labor Involved.................................................16

        2.   Monetary Success Obtained.............................................17

        3.   Counsel Is the one and Only One .....................................17

        4.   Reasonable Hourly Rates and Customary Billing Rates in the Houston, Texas
           Legal Market...................................................................17

        5.   Attorneys' Practice Focus ...............................................19

        6.   Nature and Length of the Professional Relationship with the Client...........20

    **E.**  The Fifth Circuit has affirmed similar fee awards in other FLSA cases .................20

V.   CONCLUSION..................................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. United States*
    122 F.3d 1367, 1376 (11th Cir. 1997) ....................................................................7

*Black v. SettlePou, P.C.*
    732 F.3d 492, 502 (5th Cir. 2013) .........................................................................7

*Blum v. Stenson*
    465 U.S. 886, 895 (1984).........................................................................................8

*Bonnette v Cal. Healtg & welfare*
    704 F.2d 1465, 1473 (9th Cir. 1983) ...................................................................16

*Cox v. Brookshire Grocery Co.,*
    919 F.2d 354, 358 (5th Cir. 1990) .......................................................................16

*Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*
    526 F.2d 865, 868 (5th Cir. 1976) .........................................................................9

*Diaz v. Robert Ruiz, Inc.*
    808 F.2d 427, 429 (5th Cir. 1987) .........................................................................6

*Fegley v. Higgins*
    19 F. 3d 1126, 1134-34 (6th Cir. 1994) ..............................................................16

*Fender v. Zapata P'ship, Ltd.*
    12 F.3d 480, 487 (5th Cir. 1994) ...........................................................................7

*Howe v. Hoffman-Curtis*
    215 F. App' 341 (5th Cir. 2007) ..........................................................................15

*In re Wells Fargo and Hour Empl't Practices Litigation (No. III)*
    No. 4:11-md-2266, Rec. Doc. 232 at 25; Rec. Doc. 239 ......................................13

*Jane Roe/Rachel V. Rose v. BCE Techn. Corp.*
    No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. 2014) ...........................13

*Johnson v. Ga. Highway Express, Inc.*
    488 F.2d 714, 717–19 (5th Cir.1974) .....................................................................7

*Kellstrom*
    50 F.3d at 328 ..........................................................................................................8

*Kreager v. Solomon & Flanagan P.A.*
    775 F.2d 1541 (11th Cir.1985) ........................................................6

*La. Power & Light Co. v. Kellstrom*
    50 F.3d 319, 325 (5th Cir. 1995) ........................................................8

*Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*
    261 F.3d 512, 528 (5th Cir. 2001) ........................................................8

*Powell v. Carey Intern., Inc.*
    547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008) ........................................................7

*Prater v. Commerce Equities Mgmt. Co., Inc.*
    No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008)....................................7, 8

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*
    382 F.3d 546, 562 (5th Cir. 2004) ........................................................8

*Riley v. City of Jackson, Miss.*
    99 F.3d 757, 760 (5th Cir. 1996) ........................................................8

*Roberson v. Giuliani*
    346 F.3d 75, 79–80 (2d Cir. 2003) ........................................................7

*Rouse v. Target Corp.*
    No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan 26, 2016) ....................................13

*Roussell v. Brinker Int'l., Inc.*
    No. H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010)....................................14

*Roussell v. Brinker Int'l., Inc.*
    441 Fed. App'x. 222, (5th Cir. 2011) ........................................................14

*Saizan v. Delta Concrete Prods. Co.*
    448 F.3d 795, 799 (5th Cir. 2006) ........................................................8

*Shipes*
    987 F.2d at 230 ........................................................12

*Strong v. Bellsouth Telecomm., Inc.*
    137 F.3d 844, 850 (5th Cir. 1998) ........................................................7

*Stenson*
    465U.S. at 895-96 n. 11 ........................................................10

*Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.*

489 U.S. 782, 791 (1989) ............................................................................................7

*Tollett v. City of Kemah*
      285 F.3d 357, 368-69 (5th Cir. 2002) ....................................................................8

*Von Clark v. Butler*
      916 F.2d 255, 258 (5th Cir. 1990) .......................................................................12

*Walker v. City of Mesquite, Tex.*
      313 F.3d 246, 251 (5th Cir. 2002) ..........................................................................8

*Weisel v. Singapore Joint Venture, Inc.*
      602 F.2d 1185, 1191 n.18 (5th Cir. 1979) ..............................................................6

*Whitney Bank v. Hancock*
      No. H-11-2164, 2013 WL 1404822, at *3-4 (S.D. Tex. Apr. 5, 2013) ..................13

*Williams v. Tri-Cty Growers, Inc.*
      747 F.2d 121, 137-38 (3d. Cir. 1984) ....................................................................6

**Statutes**

29 U.S.C. § 216(b)

Joel Hoenninger, et al, ("Hoenninger") files this Motion and Application for Attorneys' Fees as provided by the Fair Labor Standards Act (FLSA) and respectfully shows the Court as follows:

## I. INTRODUCTION

The total amount of fees sought for legal work performed by Steele Law Group PLLC and Sturm Law PLLC in prosecuting and resolving this case are: $759,479.15. This amount includes fees assessed in prosecuting this case from beginning to end, including: (1) $45,163.67 for Sturm Law PLLC's work; (2) $800,362.90 for Steele Law Group, PLLC's work; (3) $46,419.26 in taxable costs incurred through the filing of this Motion. This motion is supported by the extensive record in *Hoenninger, et al. v. Leasing Enterprises, LTD..*, No. 1:14-CV-798-LY.   Further supporting this motion are the following exhibits attached as evidence in support of this application: (1) the Declaration of Howard L. Steele, Jr. (Exhibit A); (2) the Declaration of Charles Sturm (Exhibit B); Billing Records from Sturm Law, PLLC (Exhibit C); Billing Records from Steele Law Group, PLLC (Exhibit D); the Declaration of Andrea Lester, CPA (Exhibit E), the USAO Attorney's Fees Matrix, 2015-2019   in support of attorney's fees for the Houston Area (Exhibit F); and evidence supporting timekeepers' professional experience who worked on the case (Exhibits A-2 – A-12 ).

## II. FACTUAL BACKGROUND AND HISTORY OF THE CASE

As the Court is aware, this is a large collective action that was litigated in the United States District Court for the Western District of Texas. The original action was filed on August 20, 2014 with the Original Plaintiff Joel Hoenninger.  An Amended Complaint was filed by Plaintiffs on September 22, 2014 to include Plaintiffs Robert Romano, Samuel Caskey, Chris Memmer, Hayden Hyde, Mario Dominguez, Michael Kivitz, Christopher Ray, and Amber Wims.  On June 11, 2015,

Plaintiffs in this action filed their first Motion for Class Certification. An Amended Complaint against all Defendants was filed on July 7, 2015. An Approval of Class Notice was signed by the Judge on August 19, 2015. (*Hoenninger*, 53). The case progressed as a collective action. In Response to the Notice sent out by Plaintiffs' counsel, Hoenninger filed his consent to join that action on September 4, 2014.

Mr. Hoenninger's case has taken a hard fought and long road to resolution. Indeed, as outlined below, the case has been extremely adversarial and contentious until the end. Communications with the various 330 individual Plaintiffs required extensive time commitments in addition to the legal representation in the case.

**Chronology of Key Events:**

08/2014 – Original Complaint filed on behalf of Joel Hoenninger individually and on behalf of other similarly situated persons.

08/2014 – Set up client communications website; Correspondence with Plaintiffs.

09/2014 – First Amended Complaint against Leasing Enterprises, Ltd. Filed. (*Hoenninger* Doc. 3)

09/2014 – Preparation of Motion for Certification and Motion for Conditional Certification.

11/2014 – Defendant's Motion to Dismiss

12/2014 – Response in Opposition to Motion filed by Joel Hoenninger re Motion to Dismiss First Amended Complaint, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to *Fed.R.Civ.P. 12(b)6* filed by Defendant Leasing Enterprises, Ltd. (Doc. 7)

12/2014 – Reply to Response to Motion, filed by Leasing Enterprises, Ltd., re Motion to Dismiss First Amended Complaint Motion to Dismiss for Failure to State a Claim filed by Defendant Leasing Enterprises, Ltd. (*Hoenninger* Doc. 9)

04/2015 – Preparation of Motion for Summary Judgment.

05/2015 – Opposed Motion for Leave to File Motion;  Memorandum in Support filed by

Leasing Enterprises, ; Response in Opposition to Motion.

05/2015 – Report and Recommendations re Motion to Dismiss First Amended Complaint, Motion to Dismiss for Failure to State a Claim filed by Leasing Enterprises, Ltd.  (Doc. 21)

06/2015 – Motion for Leave to File Second Amended Collective Action Complaint; Motion to Certify Class; Supplement to Motion to Certify Class;  Response to Motion filed by Leasing Enterprises, Ltd.

06/2015 – Motion to Abate Plaintiffs' Emergency Motion for Conditional Certification by Leasing Enterprises, Ltd.  (Doc 26)

07/2015 –Motion Hearing re Motion to Certify Class, Motion to Abate Plaintiffs' Emergency Motion for Conditional Certification.

07/2015 – Unopposed Motion for Leave to File A Sur-Reply to Defendant's Motion to Abate Plaintiffs' Emergency Motion for Conditional; Response to Motion; Sur-Reply to Motion

07/2015 – Notice of Filing/Notice of Correction for additional Plaintiffs (*Hoenninger* Doc. 41, and Doc.45)

Text Order Granting Motion for Leave to File Motion to Supplement its Partial Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to *Fed.R.Civ.P. 12(b)6*.

08/2015 - Notice of Collective Action by Plaintiffs.  (*Hoenninger* Doc. 51)

08/2015 – Approval of Class Notice.  (Doc. 53)

08/2015 – Notice of Filing by additional Plaintiffs (*Hoenninger* Doc. 54 and Doc. 55)

08/2015 – Order Granting in Part and Denying in Part Motion to Certify Class; Granting in Part and Denying in Part Motion to Abate Plaintiffs' Emergency Motion for Conditional Certification; Dismission Motion Requesting Removal of Plaintiffs' Unauthorized Website; Dismissing Corrected Motion Requesting Removal of Plaintiffs' Unauthorized Website; Granting in Part and Denying in Part Motion/Request for Entry of Proposed Order Regarding Abatement and Notice of Potential Collective Action Claimants.  (Doc. 56)

11/2015 – Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 59 – Doc. 111)

12/2015 – Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 112 – Doc. 115)

01/2016 –Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 116 – Doc. 128)

02/2016 –  Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 129 - 138)

03/2016 – Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 139 – Doc. 142)

04/2016 – Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 143 – Doc. 146)

06/2016 –Notice of additional Plaintiffs' Consent to Join Collective Action (*Hoenninger* Doc. 147, 149, 150)

08/2016 – Notice of additional Plaintiffs' Consent to Join Collective Action  (*Hoenninger* Doc. 154 and 158)

09/2016 – Notice Consent to Join Collective Action by Brian Timmons.  (*Hoenninger* Doc. 159)

02/2017 – Motion to Compel Defendant to Answer Deposition Questions by Joel Hoenninger.  (*Hoenninger* Doc. 160)

03/2017 – Order Denying Corrected Motion to Compel.  (Doc. 166)

05/2017 – Motion for Summary Judgment by Joel Hoenninger.  (*Hoenninger* Doc. 167)

05/2017 – Response to Motion filed by Leasing Enterprises, Ltd. (*Hoenninger* Doc. 171)

05/2017 –  Response in Opposition to Motion filed by Leasing Enterprises, Ltd. (*Hoenninger* Doc. 172)

06/2017 – Reply to Response to Motion filed by Plaintiffs  (Doc. 174)

06/2017 –  Response to Defendant Objecting to Summary Judgment Evidence (Frasier Declaration) to Response in Opposition to Motion.  (*Hoenninger* Doc. 175)

06/2017 – Reply to Response to Motion filed by Leasing Enterprises, Ltd. re Motion for Summary Judgment filed by Plaintiff Joel Hoenninger.  (*Hoenninger* Doc. 176)

06/2017 – Reply to Response to Motion filed by Plaintiffs  (Doc. 177)

06/2017 –  Motion to Strike Reply to Response to Motion, as Untimely Filed and, Alternatively, Defendant's Response to Plaintiffs' Objection.  (*Hoenninger* Doc. 178)

07/2017 – Motion for Reconsideration re Order on Motion for Summary Judgment, Order on Motion to Strike.  (*Hoenninger* Doc. 180)

07/2017 – Response to Motion filed by Leasing Enterprises, Ltd. re Motion for Reconsideration re Order on Motion for Summary Judgment, Order on Motion to Strike. (*Hoenninger* Doc. 181)

09/2017 – Proposed Findings of Fact by Leasing Enterprises, Ltd.  (Doc. 185)

09/2017 – Opposed Motion to Extend Scheduling Order Deadlines.  (*Hoenninger* Doc. 186)

09/2017 – Response to Motion filed by Leasing Enterprises, Ltd. re Opposed Motion to Extend Scheduling Order Deadlines filed by Plaintiffs.  (Doc. 187)

09/2017 – Exhibit List.  (*Hoenninger* Doc. 195); Proposed Findings of Fact.  (*Hoenninger* Doc. 196); Witness List.  (*Hoenninger* Doc. 197);  Stipulation of Facts.  (*Hoenninger* Doc. 198)

10/2017 – Exhibit List.  (*Hoenninger* Doc. 203); Stipulation of Facts.  (*Hoenninger* Doc. 204); Witness List.  (*Hoenninger* Doc. 205);

10/2017 – Response to Motion filed by Leasing Enterprises, Ltd. re Opposed Motion to Continue Trial filed by Plaintiffs.  (Doc. 207)

10/2017 – Trial Brief by Leasing Enterprises, Ltd.  (Doc. 209)

10/2017 – Exhibit List.  (*Hoenninger* Doc. 210); Trial Brief.  (*Hoenninger* Doc. 211); (*Hoenninger* Doc. 212); Trial Brief Memorandum of Law: Willfulness and Good Faith. (*Hoenninger* Doc. 213); Plaintiffs' Witness List.  (*Hoenninger* Doc. 214)

10/2017 – Exhibit List for Bench Trial held 10/23/2017.  (Doc. 216)

10/2017 – Brief.  (*Hoenninger* Doc. 217)

11/2017 – Proposed Findings of Fact.  (*Hoenninger* Doc. 219)

05/2018 – Findings of Fact and Conclusions of Law.  (Doc. 222)

11/2018 – Status Report (Joint) by Leasing Enterprises, Ltd.  (Doc. 234)

12/2018 – Status Report (Joint) by Plaintiffs.  (Doc. 235)

01/2019 – Mediation before Joseph Halbach.

03/27/2019 – Final Judgment signed by Judge Lee Yeakel.  (Doc. 238)

## III.  LAW AND ARGUMENT

### A.  Attorney's Fees are mandatory.

A successful FLSA claim carries with it the mandatory recovery of attorney's fees: "The *court* in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action." 29 U.S.C. 216(b) (emphasis added); *see also Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). This recovery extends to time spent on non-FLSA issues if those issues interrelate and overlap with FLSA ones. *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987) (citing *Williams v. Tri-Cty Growers, Inc.*, 747 F.2d 121, 137-38 (3d. Cir. 1984)).

Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan P.A.,* 775 F.2d 1541 (11th Cir.1985). The plaintiff is clearly the prevailing party in this case. The Supreme Court has held that a party is a "prevailing party" for the purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.,* 489 U.S. 782, 791 (1989). This includes a party who benefits from a settlement that is "judicially sanctioned." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (quoting *Roberson v. Giuliani,* 346 F.3d 75, 79–80 (2d Cir. 2003) (internal quotes omitted)).

### B. Calculating Attorney's fees in the Fifth Circuit and Western District.

The method under which to calculate attorney's fees is the "lodestar" method. *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which

is the market rate in the community for [the] work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Courts must use the "lodestar method" to "assess attorneys' fees" in FLSA suits. *Strong v. Bellsouth Telecomm., Inc.,* 137 F.3d 844, 850 (5th Cir. 1998). A Court should first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.* Although the lodestar method effectively replaced the balancing test set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), those factors may still be considered. After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *2. The most important factor to consider is the result obtained. *Id.* The fee award need not be proportionate to the result obtained. *Andrews v. United States,* 122 F.3d 1367, 1376 (11th Cir. 1997). "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Intern., Inc.,* 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008); *Prater v. Commerce Equities Mgmt. Co., Inc.*, at *2-3.

"The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.'" *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

In evaluating the reasonableness of the number of hours expended, the court determines "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). The burden of proving reasonableness of the billed hours is on the applicant. *Mota v. Univ. of Tex. Hou.*

*Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). Therefore, the applicant must prove he exercised billing judgment in calculating the hours expended. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* Where no evidence of billing judgment has been submitted, it is appropriate to reduce the fee award by a percentage intended to substitute for the exercise of billing judgment. *Id.*; *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002).

In ascertaining the compensable time, the court determines the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *Kellstrom*, 50 F.3d at 328. The party seeking payment of fees has the burden of establishing the market rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). This requires evidence establishing the reasonableness of the proposed rate, typically through affidavits of other attorneys practicing in the community. *Id.; Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002). Absent such evidence, the court may rely upon its expertise and judgment to independently assess the valuation of the asserted rate. *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976).

### IV.   STEELE LAW GROUP, PLLC AND STURM LAW PLLC'S HOURS AND RATES ARE REASONABLE AND SHOULD BE ACCEPTED

#### A. Attorney Time.

Two law firms worked on this matter. The first is Steele Law Group, PLLC and the second is Sturm Law PLLC.  (Howard Steele and Charles Sturm previously practiced together as the two principals of Steele Sturm, PLLC).  While the vast majority of attorney and paralegal time was attributed to Steele Law Group, PLLC, Sturm Law PLLC expended billable time on the prosecuting of the *Hoenninger* case. The Hourly Rates under which the work was accomplished is

as follows:

| TIMEKEEPER | HOURLY RATE |
|---|---|
| A. CABALLERO | $125.00 |
| A. MARPATEL | $250.00 |
| ALLEN WOODWARD | $325.00 |
| ANDREA LESTER | $175.00 |
| BROOKE JONES | $250.00 |
| CHRIS AGBOLI | $175.00 |
| C. CHRISTIE | $125.00 |
| C. FENTON | $120.00 |
| CARLOS RUIZ | $250.00 |
| CHERYL A. GRASSMANN | $125.00 |
| D. DETGEN | $125.00 |
| D. FRANCIS | $125.00 |
| D. STEELE | $45.00 |
| E. FULLER | $125.00 |
| E. TREVINO | $125.00 |
| FAIRALEE CARRIER | $150.00 - $175.00 |
| GABRIEL GARZA | $125.00 |
| HOWARD STEELE | $350.00 - $450.00 - $525.00 |
| ISABELL MORALES | $175.00 |
| K. DODD | $175.00 |
| K. FLORES | $75.00 - $125.00 |
| KARLEE TRENARY | $175.00 |
| K. MCNEIL | $175.00 |
| M. AMOS | $225.00 - $250.00 |
| MARIA CRUMLEY | $125.00 - $175.00 |
| MIKE SAMFORD | $395.00 |
| MILLEN A. ZEMO | $325.00 |
| MOIRA RANKIN COOPER | $325.00 |
| P. SEGURA | $215.00 - $225.00 - $250.00 |
| S. PATEL | $250.00 - $300.00 - $350.00 |
| SHAYLA D. BROOKS | $175.00 |
| T. HAYNES | $250.00 - $300.00 - $350.00 |
| TAYLOR JONES | $295.00 |
| W. THORNE | $150.00 |

## B. Reasonable Hours Expended.

As described in detail above, this matter was highly contentious and involved a significant number of individual Plaintiffs. A summary of the hours expended by the Steele Law Group in

14

the *Hoenninger* case is as follows:

| CATEGORIES | HOURS |
|---|---|
| DISCOVERY | 68.7 |
| CASE MANAGEMENT<br>CASE<br>MANAGEMENT / LEGAL STRATEGY<br>CASE MANAGEMENT/LEGAL ANALYSIS | 459 |
| MEDIATION | 6.5 |
| LEGAL RESEARCH | 146.9 |
| SETTLEMENT DISCUSSIONS<br>SETTLEMENT NEGOTIATIONS | 151.4 |
| ATTORNEY FEES APPLICATION | 3 |
| COMMUNICATIONS | 1,118.20 |
| MOTIONS | 290.85 |
| ADMINISTRATION | 26 |
| COMPLAINT | 5.6 |
| PLEADINGS | 54.9 |
| HEARINGS | 66.2 |
| FOIA – OBTAINING AND REVIEWING<br>THE DOL INVESTIGATION | 11.8 |
| TRIAL PREPARATIONS | 398.1 |
| TRIAL | 19.8 |

The fee applicant is required to produce satisfactory evidence supporting its position that requested rates are in line with those prevailing in the relevant community for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Stenson*, 465 U.S. at 895-96 n. 11.  Applicants attach the U.S. Attorney Office's Attorney's Fees Matrix – 2015-2019, wherein 2017-18, $563 and 2018-19, 572 is reported as prevailing rates in the Houston, Texas legal market. A copy of the State Bar of Texas Attorneys' Fees Rates is attached hereto and incorporated herein by reference as Exhibit "F."

Howard L. Steele is the Lead Attorney for Plaintiffs.  Howard L. Steele's contemporaneous billing, time records and cost reports are attached hereto and incorporated herein by reference as though fully set forth herein as Exhibit "D."  Howard L. Steele's Declaration as to contemporaneous billing, time records, cost reports, and other relevant facts is attached hereto and

incorporated herein by reference as Exhibit "A."

Charles A. Sturm is of counsel to Steele Law Group, PLLC in this matter. Charles Sturm's contemporaneous billing, time records and cost reports are attached hereto and incorporated herein by reference as though fully set forth herein as Exhibit "C." Charles Sturm's Declaration as to contemporaneous billing, time records, cost reports, and other relevant facts is attached hereto and incorporated herein by reference as Exhibit "B." Plaintiffs request that this court find the rates charged by the attorneys in this case to be warranted and reasonable.

### C. Additional Factors Employed to Determine "Lodestar" Value

The Court may alter a "lodestar" value based on the relative weights of twelve separate determining factors as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id*. at 488 F.2d at 717-19. Initial lodestar calculations subsume *Johnson* factors, and those factors should not be double counted. *Shipes*, 987 F.2d at 320.

The Court should give special heed to these *Johnson* factors: (1.) the time and labor involved, (2.) the customary fee, (3.) the amount involved, (4.) the result obtained, and (5.) the experience, reputation and ability of counsel as previously held by the Fifth Circuit in *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). These *Johnson* factors particularly affect this case.

16

### D. *Johnson* Factors Applicable Here

#### 1. Time and Labor Involved

This case involved hundreds of Plaintiffs. Each individual Plaintiff was interviewed by counsel to fully investigate the case. On many days, as evidence by the billing records, many hours were expended doing such. Plaintiff's counsel and legal staff collectively expended approximately 2,861.85 hours and charged at or below prevailing legal market rates per hour for the legal services rendered. Such legal time was reasonably incurred, necessary, and efforts spent on this case ultimately resulted in Plaintiff prevailing on Plaintiffs' claims.

Although the staff invested numerous days and hours preparing and filing this Application, the undersigned reduced the billable time on preparing this Application to a mere three (3) hours in the exercise of billing judgment. Other economies were employed to reduce and conserve billable expenses and costs throughout the pendency of this matter.

#### 2. Monetary Success Obtained

Steele and Sturm vigorously advocated this cause on behalf of the Plaintiffs and obtained favorable results on claims, with $640,234.48 that Defendants paid to the individual Plaintiffs for base minimum wages in United States Dollars. A summary of the amounts to be paid over to named Plaintiffs is attached to this Application and incorporated by reference here as Exhibit "T."

But for Plaintiffs' counsel of record's representation, the individual Plaintiffs would not have had an opportunity for their day in court and would not have received just compensation for their claims; claims which Defendants conceded were rightful, due and owing to named individual Plaintiff claimants. Recovery here is a substantial monetary gain for those named Plaintiffs, far exceeding mere vindication of their claims.

#### 3. Counsel Is the One and Only One

Both Howard Steele and Charles Sturm are experienced attorneys with favorable reputations who possess the requisite ability and capability of pursuing litigation under the FLSA. Steele maintains State Bar of Texas Board Certification in Employment Law and has practiced law in the state of Texas for 21 years. Howard L. Steele's Curriculum Vitae is attached hereto and incorporated herein by reference as Exhibit "G."

Charles Sturm has practiced law in the state of Texas for 21 years. He possesses unique qualifications necessary to represent the Plaintiff clients.

### 4. Reasonable Hourly Rates and Customary Billing Rates in the Houston, Texas Legal Market

A *Johnson* factor to consider in determining the amount of an award of attorneys' fees is the customary fee for similar services in the local legal community. Courts in the Western District of Texas have consistently determined hourly billable attorneys' fees rates in excess of $500.00 per hour as reasonable for experienced labor and employment counsel. *Rouse v. Target Corp.*, No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) (*citing Jane Roe/Rachel V. Rose v. BCE Techn. Corp.*, No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. 2014)) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *In re Wells Fargo and Hour Empl't Practices Litigation (No. III)*, No. 4:11–md–2266, Rec. Doc. 232 at 25; Rec. Doc. 239. (court approved Wills' application for attorney's fees in FLSA matter at rate of $550 per hour); *Whitney Bank v. Hancock*, No. H-11-2164, 2013 WL 1404822, at *3–4 (S.D. Tex. Apr. 5, 2013) (hourly rates of $450 to $475 per hour found reasonable for a commercial litigator with 23 years of experience).

The hourly rate of $470.00 is a reasonable rate for an attorney of Mr. Steele's experience in the Houston area. The rates billed for associates ($275.00-$250.00) and paralegals ($125.00) are

more than reasonable for the Houston market. Indeed, in another FLSA case in the Southern District higher rates were found reasonable for comparably credentialed attorneys. *Roussell v. Brinker Int'l., Inc.*, No. H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker Int'l., Inc.*, 441 Fed. App'x. 222, (5th Cir. 2011) (holding hourly rates between $500-$250 for attorneys and $125-$105 for paralegals were both reasonable and consistent with hourly rates by comparable attorneys in the relevant community);

A similar FLSA case heard in the Southern District found that rates in excess of $550.00 per hour were reasonable. *Roussell v. Brinker Int'l., Inc.*, CIV.A.H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker Int'l., Inc.*, 441 Fed. Appx. 222 (5th Cir. 2011) (holding hourly rates between $500-$250 for attorneys and $125-$105 for paralegals were both reasonable and consistent with hourly rates by comparable attorneys in the relevant community).

Mr. Steele, in his Declaration attached as Exhibit "A," states, "I charge billable clients $525.00 per hour for handling employment and FLSA defense related matters. This is the rate I used for this matter, because of the market rates in Houston, Texas. This is a reasonable rate for an attorney with my level of experience practicing in the field of labor and employment law." Mr. Steele has exercised billing judgment in this case, as is evidenced in the Billing Summary attached as Exhibit "C".

Mr. Sturm, in his Declaration attached as Exhibit "B," states, "…I regularly billed at the rate of $425 per hour in 2017 and $450 per hour in 2018 and 2019." That is the same (or less) rate that I charged defense clients and is less than the rate charged by other attorneys in Houston who have the same experience and qualifications." Mr. Sturm has exercised billing judgment in this case.

Other attorneys who worked on this case were billed at lower rates ranging from $225 to $350

per billable hour.  Paralegals were billed at rates ranging from $125 to $250.  Such rates are within

the range of rates customarily charged in the Houston, Texas legal market. *See Roussell*, 2010 WL

1881898 at *3; *see also Rouse*, 2016 WL 319871at *3.  Steele and Sturm further exercised billing

judgment by writing off associate billable time.


5. **Attorneys' Practice Focus**

In addition to labor and employment law services, Mr. Steele and Mr. Sturm provide hourly

billable legal services for multinational and local corporations at similar and higher hourly billable

rates. When Mr. Steele and Mr. Sturm accepted this representation and commenced the litigation

at hand, attorneys working on Plaintiffs' behalf in this matter dedicated their time to this case,

and were otherwise precluded from working on behalf of other clients where they may have billed

at higher rates.

6. **Nature and Length of the Professional Relationship with the Client**

Legal matters present with case-specific facts, and this litigation addressed novel and difficult

issues unique to each Plaintiff named as a claimant in the group.  This case also introduced modern

digital-era social media communication requirements, that necessitated the law firms creating and

maintaining electronic communication connections with each individual client.   Mr. Steele and

Mr. Sturm, together with their associates and staff, communicated with each individual Plaintiff,

maintained a professional relationship and line of communication with those individual Plaintiff

clients throughout the litigation, and produced favorable results for the Plaintiffs in the end within

time limitations imposed by the client or circumstances.  No other attorney accepted responsibility

for this case other than Plaintiffs' counsel of record.

**E.  The Fifth Circuit has affirmed similar fee awards in other FLSA cases**

Plaintiffs anticipate that Defendants will object to the amount of their attorneys' fees by arguing that the amount exceeds plaintiffs' recovery. The Fifth Circuit, in *Howe v. Hoffman-Curtis*, 215 F. App'x 341 (5th Cir. 2007), considered a challenge to an award of attorneys' fees in a similar FLSA case. At trial, the jury awarded to plaintiff $23,357.50 in damages, and Judge Ellison granted the plaintiff an additional $129,805.50 in attorneys' fees, and the ratio of attorneys' fees to damages of 5.5 to 1.

On appeal, the Fifth Circuit upheld the award of attorneys' fees. The Court noted that in FLSA cases, "[I]t is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples," citing *Fegley v. Higgins*, 19   F. 3d 1126, 1134-34 (6th Cir. 1994)(affirming ward of $7,680 in overtime compensation and $40,000 in attorneys' fees, a ratio of 5.2 to 1); *Cox v. Brookshire Grocery Co*., 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees, a ratio of 7.8 to 1); *Bonnette v Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $18,455 in damages and $100,000 in attorney's fees, a ratio of 5.4 to 1).

## V.
## CONCLUSION

Counsel for Plaintiffs have presented evidence and argument here supporting this Application as *Johnson* factors expressed above. Counsel is entitled to a mandatory award for reasonably incurred attorneys' fees and costs as promulgated within the FLSA. Counsel requests that this Court affirm the lodestar amount as expressed in this Application. Counsel hereby makes application for this court's award of $845,526.57 as fees and costs incurred in this matter. Plaintiffs' counsel is entitled to such an award.

Respectfully submitted,

STEELE LAW GROUP, PLLC

21

 */s/ Howard L. Steele, Jr.*
Howard L. Steele, Jr.
State Bar No.: 24002999
Federal Bar No. 21615

One Allen Center
500 Dallas, Suite 3440
Houston, Texas 77002
Telephone:  (713) 659-2600
Facsimile:   (713) 659-2601

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

**STURM LAW, PLLC**
Charles A. Sturm
Federal Bar No. 21777
723 Main St, Suite 330
Houston, Texas 77002
(713) 955-1800
(713) 955-1078

## CERTIFICATE OF SERVICE

I certify that on April 10, 2019, a true and correct copy of the foregoing instrument was forwarded to the following counsel of record via electronic filing system and electronic mail.

Lionel M. Schooler
JACKSON WALKER L.L.P.
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4156 [Facsimile]
lschooler@jw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

22

_/s/ Howard L. Steele, Jr._
Howard L. Steele, Jr.